## SECURITIES AND EXCHANGE COMMISSION v. HARRISON et al.

### No. 10043.

United States Court of Appeals
District of Columbia Circuit.

Decided July 20, 1950.

Judgment Vacated Jan. 2, 1951.
See 71 S.Ct. 290.

Mr. Louis Loss, Washington, D. C., for appellant.

Mr. Thurman Arnold, with whom Messrs. Abe Fortas and Milton V. Freeman, Washington, D. C., appeared, for appellees.

Mr. Howard C. Westwood, Washington, D. C., with whom appeared Mr. Daniel M. Gribbon, Washington, D. C., for the National Association of Securities Dealers, Inc., as petitioner for leave to intervene.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

STEPHENS, Chief Judge.

This is a petition for a rehearing of two orders of this court of February 21, 1950. One denied the motion of the appellant to vacate orders of the United States District Court for the District of Columbia and to direct that court to dismiss as moot motions for injunctions *pendente lite.* The other granted a motion of the appellees for dismissal of the appeal in the above-entitled case. For an understanding of the questions presented by the petition, a recital in respect of previous and pending proceedings is necessary.

The appellee Otis & Co. contracted to participate in the underwriting of a stock offering by the Kaiser-Frazer Corporation, subject to the condition, *inter alia,* that there be no material litigation pending against Kaiser-Frazer on the date and hour of the underwriting "settlement." Shortly before the time fixed for the "settlement," a stockholders' action, known as the Masterson suit, was filed against Kaiser-Frazer in a Detroit court. On account of that suit, Otis & Co. terminated the underwriting agreement. Thereafter, the Commission commenced an investigation of the events above described. In the course of the investigation a hearing was held in which the appellees Harrison and Hull, attorneys for the appellee Eaton, controlling stockholder of Otis & Co., were called by the Commission

to testify. They declined, upon the ground of attorney-client privilege, to answer questions put to them by counsel for the Commission in respect of communications between them and Eaton. The Commission then instituted an action in the District Court seeking an order directing Harrison and Hull to answer the questions put to them—alleging that the Commission's investigation had disclosed evidence showing *prima facie* that Eaton had consulted Harrison and Hull for fraudulent and unethical purposes involving inspiration of the. Masterson suit, and that the attorney-client privilege could on that account not be availed of by· them to justify their refusal to testify. In this action in the District Court Eaton and Otis & Co. were permitted to intervene, and as intervenors they filed an answer challenging the authority of the Commission to continue its investigation and filed also a counterclaim seeking to enjoin the investigation.

Meanwhile and prior to judgment in the action in the District Court, the Commission entered an order for an administrative hearing before itself to determine whether or not Otis & Co. had in connection with the Masterson suit wilfully violated speci-fied provisions of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., and, if so, whether or not its license as a broker and dealer should be revoked, or whether or not it should be suspended from the National .Association of Securities Dealers, Inc. (N.A.S.D.). Shortly after the entry of this order Otis & Co. and Eaton moved in the Commission's action in the District Court for .a temporary injunction restraining the Commission, *pendente lite*, from going forward with the administrative hearing, and moved also for an order making the N.A.S.D. a party and restraining it from going forward with a proceeding pending before it wherein the institution of the Masterson suit was under investigation, and wherein the possible expulsion of Otis & .Co. from the N.A.S.D. was being considered. On September 21, 1948, the District Court by two orders, one directed against the Commission and the

other against. the N.A.S.D., issued the temporary injunctions thus sought. The Commission and the N.A.S.D. at once noted appeals from these orders, and it is the Commission's appeal with which the instant petition for rehearing has to do.

On October 28, the District Court entered judgment denying, upon the ground that the evidence presented failed to meet the appropriate test for a *prima facie* case of fraud in the institution of the Masterson suit, the Commission's request for an order directing Harrison and Hull to answer the questions put to them in the Commission's hearing, and the District Court dismissed for lack of jurisdiction the counterclaim seeking to enjoin the Commission's in-vestigation.

On November 1, 1948, the Commission filed, in its appeal from the temporary injunction orders of September 21, a preliminary record and filed, also, a "motion to vacate orders of court below with directions to dismiss motion [*sic*] for injunction *pendente lite* as moot." But on December 4, the appellees moved this court to dismiss the appeals of the Commission and of the N.A.S.D. from the temporary injunction orders, upon the ground that these orders were moot and upon the further grounds that the Commission had not complied with the procedural rules of this court with respect to filing the record, and that the N.A.S.D. had failed to perfect its appeal.

On February 21, 1950, this court, without opinion, entered orders dismissing the appeals of the Commission and the N.A.S.D. from the temporary injunction orders of the District Court of September 21, 1948. On March 8, 1950, the instant petition for rehearing was filed by the Commission. Objections thereto were lodged by the appellees on March 14. On March 15, the N.A.S.D. filed in this court a motion for leave to intervene and to file a "statement of position."

It is asserted in the petition for rehearing and not denied in the objections thereto that there is now pending before the Commission the administrative proceeding above referred to to determine, *inter alia,* whether or not Otis & Co. has been guilty of fraud-

ulent conduct in violation of the Securities Exchange Act of 1934, and, if so, whether or not its registration as a broker-dealer should be revoked. It is asserted further that in this administrative proceeding it has been contended by the appellees that the Commission is precluded from considering the question of fraud by reason of the decision of the District Court in issuing the temporary injunction orders of September 21, 1948. It is asserted also in the petition for rehearing that in a proceeding before the Board of Governors of the N.A.S.D. that Board, on February 27, 1950, affirmed a decision of one of its district committees suspending Otis & Co. for a period of two years for violation of an N.A.S.D. rule requiring members to supply data in the course of an N.A.S.D. investigation; that under the Securities Exchange Act of 1934 this suspension is appealable first to the Commission and ultimately to the appropriate court of appeals; and that Otis & Co. has announced that it will appeal the suspension and has, at the same time, contended that the N.A.S.D. suspension was precluded by reason of the decision of the District Court in issuing the temporary injunction orders of September 21, 1948.

We think that the petition of the Commission for rehearing and also the motion of the N.A.S.D. for leave to intervene and file statement of position should be denied. The object of the petition for rehearing is to accomplish a remand with directions to vacate the injunction orders of September 21, 1948—this in substitution for the action of this court of February 21, 1950, dismissing the Commission's appeal. The Commission urges, in effect, that the court should dispose of the appeal in such manner as to obliterate the foundation, if any there be, for a contention by Otis & Co. before the Commission, or in an appeal to a court from a Commission ruling, that the action of the District Court in issuing the injunctions is *res judicata* of an issue or issues now being, or to be, considered by the Commission. We think it would be improper for the court to dispose of the appeal in such manner as either to obliterate or to establish a foundation for such a contention. To do

so would be to prejudge the very question, or questions, of *res judicata* which the Commission urges are now before it in its administrative proceeding or which may be before it in the N.A.S.D. suspension proceeding and which may thereafter reach this court on appeal.

We take note of such cases as United States v. Hamburg-Amerikanische Packet-fahrt-Actien Gesellschaft, 1916, 239 U.S 466, 36 S.Ct. 212, 60 L.Ed. 387; Alejandrino v. Quezon, 1926, 271 U.S. 528, 46 S.Ct. 600, 70 L.Ed. 1071, and Commercial Cable Co. v. Burleson, 1919, 250 U.S. 360, 39 S.Ct. 512, 63 L.Ed. 1030. In the Hamburg-Amerikanische case, a three-judge District Court had dismissed, upon the ground of insufficiency of evidence, an antitrust action filed by the Government against certain shipping companies. The Government appealed to the Supreme Court from the judgment of dismissal, but before the case was reached on appeal the onset of the First World War mooted the controversy. The Government called attention to the "possibility and probability that on the cessation of war the parties will resume or recreate their asserted illegal combination." The Supreme Court, stating that the controlling test was that the cause should be disposed of in a manner "most consonant to justice," ruled:

> . . . we are of opinion that the ends of justice exact that the judgment below should not be permitted to stand when without any fault of the Government there is no power to review it upon the merits, but that it should be reversed and the case be remanded to the court below with directions to dismiss the bill without prejudice to the right of the Government in the future to assail any actual contract or combination deemed to offend against the Anti-Trust Act. [15 U.S.C.A. §§ 1–7, 15 note. 239 U.S. at page 478, 36 S.Ct. at page 217, 60 L.Ed. 387.]

But we think that this case, likewise each of the other two cases cited, is distinguishable because it did not involve, as does the instant case, pending litigation involving pleas, or their equivalent, of *res judicata* based upon the judgment in the mooted controversy. We think that under such circumstances it would not be "con-

sonant to justice" to remand with directions to vacate the judgment below, rather than merely to dismiss the Commission's appeal.

We express no opinion on the question whether or not the mere issuance *pendente lite,* of the injunctions of September 21, 1948 by the District Court constitutes a foundation, notwithstanding the termination of the effectiveness of the injunctions— since the litigation to which they related has itself ended—for pleas of *res judicata.*

The petition of the Commission for rehearing is accordingly denied, and the motion of the N.A.S.D. for leave to intervene and to file a statement of position is also denied.